**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4332**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NIGEL L. FAISON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:16-cr-00343-JFA-1)

Submitted:  November 21, 2017                    Decided:  November 27, 2017

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  William Camden Lewis, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nigel L. Faison pled guilty without a plea agreement to possession with intent to distribute Foxy, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012); being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012), and was sentenced to 106 months in prison. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that, after a review of the record, she has found no reversible error. The *Anders* brief nonetheless asks us to consider whether Faison's sentence is reasonable and whether the district court plainly erred when it failed to address forfeiture at Faison's Fed. R. Crim. P. 11 hearing. Faison has filed a pro se supplemental brief, but the Government declined to file a responsive brief. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea for plain error. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002). A review of Faison's Rule 11 hearing establishes that the district court substantially complied with the requirements of Rule 11. Faison's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. Although the district court did not mention forfeiture at the Rule 11 hearing, we agree with counsel that Faison was well aware that forfeiture would occur and, thus, Faison's substantial rights were not affected by the court's omission. *See United States v. Olano*, 507 U.S. 725, 735 (1993) (holding that a defendant generally must make a specific showing of prejudice to satisfy the "affecting substantial rights"

2

prong of Fed. R. Crim. P. 52(b)). We therefore conclude that no plain error occurred and affirm Faison's convictions.

We also affirm Faison's sentence. We review a criminal sentence, "whether inside, just outside, or significantly outside the [Sentencing] Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no "significant procedural error." *United States v. Evans*, 526 F.3d 155, 162 (4th Cir. 2008) (internal quotation marks omitted). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . [that] it has made before the district court, we review for abuse of discretion" and will reverse "unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (internal quotation marks, brackets, and italics omitted).

3

We conclude that Faison's sentence is procedurally and substantively reasonable. The district court adopted the Guidelines range set forth in Faison's presentence report, listened to counsel's argument regarding the § 3553(a) factors, afforded Faison an opportunity to allocute, and applied the rule of lenity to select the 106-month sentence Faison requested, thoroughly explaining the reasons for the below-Guidelines sentence. We thus affirm Faison's sentence.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Faison, in writing, of the right to petition the Supreme Court of the United States for further review. If Faison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Faison. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have considered the arguments raised in Faison's pro se supplemental brief and find them to be without merit.